IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALLEN MICHAEL McFADDEN, # 562-393, *

Plaintiff                                    *

v                                            *    Civil Action No. ELH-18-91

RONEL LEGRAND,                               *

Defendant                                    *
                                           ***

## MEMORANDUM OPINION

Plaintiff Allen Michael McFadden, a prisoner in the Maryland Division of Correction ("DOC"), filed a civil rights action against Officer Ronel Legrand,[1] a DOC employee at Central Maryland Correctional Facility ("CMCF"), located in Sykesville, Maryland.[2] In his unverified complaint, filed pursuant to 42 U.S.C. § 1983, McFadden claims that Legrand doused him with pepper spray in the early afternoon of July 19, 2017, after McFadden, who was awaiting transport to another institution, banged on the door of his holding cell, asking to use the bathroom. ECF 1 at 3.[3] McFadden seeks $200,000 in damages.[4]

---

[1] Plaintiff sued "R. LeGrand." The Clerk shall amend the docket to reflect the correct name of the defendant: Ronel Legrand.

[2] McFadden currently is confined at Roxbury Correctional Institution. Although McFadden references the Central Laundry Correctional Facility as the location where the incident occurred, the institution is properly known as the Central Maryland Correctional Facility.

[3] The holding cell lacked a toilet or sink. ECF 9 at 1. McFadden and a fellow prisoner, Dominic Woods, were placed there temporarily while awaiting transfer to a more secure institution. ECF 15-2 at 7, Investigator's Summary.

[4] McFadden also seeks to criminally charge Legrand and requests that he be fired from his job. ECF 1 at 3. McFadden, a private citizen, lacks a judicially cognizable interest in the criminal prosecution or non-prosecution of another. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987). Further,

Legrand has moved to dismiss the claim and, alternatively, requests summary judgment, arguing that the use of force was justified. ECF 15 (Motion); ECF 15-1 (Memorandum) (collectively, the "Motion").[5] The Motion is supported by exhibits. McFadden filed an opposition to Legrand's motion (ECF 17, Opposition; ECF 17-1, Memorandum) (collectively, "Opposition") asserting for the first time that Legrand had verbally abused him and threatened to spray him with pepper spray earlier in the day, prior to the incident, and told McFadden he would have done so, were it not for the presence of security cameras. ECF 17-1 at 3. Further, plaintiff moves to compel Legrand to produce a video recording of the incident (ECF 18; ECF 23), as well as a copy of Legrand's use of force history. ECF 22.

Upon review of the submissions, the Court finds a hearing on the pending matters unnecessary. *See* Local Rule 105.6 (D. Md. 2016). As set forth herein, McFadden's motions to compel are DENIED and Legrand's Motion, construed as a motion for summary judgment, is GRANTED.

---

there is no basis for this Court to interfere with Maryland personnel practices. McFadden is not entitled to this type of relief.

[5] On April 30, 2018, prior to Legrand's response, McFadden amended his complaint (ECF 9) to state that, at the time of the alleged assault, he was in a "dry cell" and that unnamed correctional staff refused to take him to the bathroom for several hours, in violation of his Eighth Amendment rights. *Id.* McFadden, who admits that he was taken to the bathroom on at least one occasion during the time he spent in the cell (ECF 17-1 at 2), does not identify the persons responsible for denying him the use of a bathroom, and this claim is not addressed by Legrand.

Should McFadden seek to recover damages for any Eighth Amendment claim arising out of a denial of prompt use of the bathroom, he may do so in a separate action, identifying the staff responsible for this deprivation. He should be aware that inmate monitoring records taken every 30 minutes detailed 14 entries of his cell between 7 a.m. up to the time of the incident, including that he and Woods had been asked three times throughout the course of the morning if they wanted to use the bathroom. ECF 15-1 at 14.

## I. Standard of Review

Defendant's Motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. ECF 12. A motion styled in this manner implicate the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery County*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011).

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). *see Adams Hous., LLC v. The City of Salisbury, Maryland*, 672 F. App'x. 220, 222 (4th Cir. 2016) (per curiam). But, when the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).[6]

---

[6] In contrast, a court may not convert a motion to dismiss to one for summary judgment *sua sponte*, unless it gives notice to the parties that it will do so. *See Laughlin*, 149 F.3d at 261 (stating that a district court "clearly has an obligation to notify parties regarding any court-instituted changes" in the posture of a motion, including conversion under Rule 12(d)); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials.").

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2011 Supp.). This discretion "should be exercised with great caution and attention to the parties' procedural rights." *Id.* at 149. In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id.* at 165-67.

In general, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont De Nemours and Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2012); *see Putney v. Likin*, 656 F. App'x. 632, 638 (4th Cir. 2016) (per curiam); *McCray v. Maryland Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2015). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)); *see also Dave & Buster's, Inc. v. White Flint Mall, LLLP*, 616 F. App'x 552, 561 (4th Cir. 2015).

To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)) "[T]o justify a denial of summary judgment on the grounds

that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted). A nonmoving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir.), *cert. denied*, 555 U.S. 885 (2008).

McFadden has requested discovery: the production of a video recording and a list of use of force incidents involving Legrand. ECF 18; ECF 22; ECF 23. Defendant has responded (ECF 21) to the Court's Order (ECF 20) and has provided a Declaration from Jon Scramlin, a DOC Case Management Manager at CMCF, as well as exhibits. ECF 21-1. Scramlin avers that there are no video cameras in the administrative hallway where the temporary holding cell is located. *Id.* at 1, ¶ 4; *see also* ECF 21-1 at 6, 7. His averment finds support in the Use of Force Report filed on the day of the incident, which expressly notes that the event was not recorded on video. ECF 21-1 at 1, ¶ 4; ECF 21-1 at 3.

McFadden contends cameras do exist in the vicinity of the holding cell and asks this Court to send a private investigator to so prove. ECF 23 at 1. The presence of a security camera or monitor does not mean the equipment is capable of producing video evidence, however. Similarly, his request for the production of Legrand's use of force history, based on his claim that Legrand "has a history of unnecessary use of force on inmates" (ECF 22), is predicated purely on speculation as to what the production of such information might reveal.

It is apparent that additional discovery is not needed, given the record already produced in this case. In light of the foregoing, I am satisfied that it is appropriate to address Legrand's Motion, which relies on matters outside the pleadings, as one for summary judgment, and to deny McFadden's requests for discovery.

Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides, in part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion: "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see Sharif v. United Airlines, Inc.*, 841 F.3d 199, 2014 (4th Cir. 2016); *Raynor v. Pugh*, 817 F.3d 123, 130 (4th Cir. 2016); *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)), *cert. denied*, 541 U.S. 1042 (2004). And, the court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without

6

weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002); *see Roland v. United States Citizenship & Immigration Servs.*, 850 F.3d 625, 628 (4th Cir. 2017); *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017); *FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).

Notably, the district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *accord Guessous v. Fairview Prop. Inv., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). Thus, the trial court may not make credibility determinations on summary judgment. *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007); *Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis*, 290 F.3d at 644-45. Therefore, in the face of conflicting evidence, such as competing affidavits, summary judgment is generally not appropriate, because it is the function of the factfinder to resolve factual disputes, including matters of witness credibility.

Nevertheless, to defeat summary judgment, conflicting evidence, if any, must give rise to a *genuine* dispute of material fact. *See Anderson*, 477 U.S. at 247-48. If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," then a dispute of material fact precludes summary judgment. *Id.* at 248; *see Judd*, 718 F.3d at 313. On the other hand, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252.

Because plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, the court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from

proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In sum, to counter a motion for summary judgment, there must be a genuine dispute as to material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). "A court can grant summary judgment only if, viewing the evidence in the light most favorable to the non-moving party, the case presents no genuine issues of material fact and the moving party demonstrates entitlement to judgment as a matter of law." *Iraq Middle Mkt. Dev. Found. v. Harmoosh*, 848 F.3d 235, 238 (4th Cir. 2017).

## II. Background

In his unverified Complaint, McFadden suggests he in no way provoked Legrand's assault, but instead attempted to get the attention of corrections staff in order to be taken to the bathroom. The uncontroverted, verified records and declarations provided by Legrand prove otherwise.

On July 19, 2017, McFadden and fellow prisoner Dominic Woods were placed in a holding cell next to offices used by CMCF administrators. ECF 15-2 at 9. The placement was temporary; both men, deemed "problematic inmates," were awaiting transfer to medium security facilities, based on poor adjustment histories. *Id.*

At approximately 1 p.m., McFadden and Woods began damaging the holding cell, using a bunk as a battering ram against the door and front window of the cell. *Id.*; ECF 15-3, Declaration of Ronel Legrand, ¶ 3. The padlock on the cell door was damaged. ECF 15-2 at 7. Legrand and a correctional lieutenant who were in an adjacent office heard the commotion and responded. Legrand ordered McFadden and Woods to stop, but they ignored the order and

8

continued to ram the cell door. In response, Legrand opened the last functioning lock of the holding cell and pepper sprayed both men. ECF 15-2 at 7-8; ECF 15-3, ¶ 4. Legrand ordered both men to lay on the ground, face down. McFadden and Woods complied, were handcuffed by other responding officers, and were escorted to the medical unit to be treated for exposure to pepper spray. *Id.* Both refused treatment, which was documented by the nurse. ECF 15-2 at 7-8. They were then taken to another holding cell and given a change of clothing. ECF 15-2 at 8.

McFadden and Woods were charged with inmate rule violations as a result of the holding cell incident, including destruction of State property, disobeying an order, and disruptive acts. McFadden was also charged with the use of threatening language after he threatened to kill Legrand after release from prison. ECF 15-2 at 8.

The investigator assigned to review Legrand's use of force concluded that Legrand properly used pepper spray to stop McFadden and Woods from destroying State property and trying to leave a secured area. *Id.* A post-incident review conducted by a three-person panel of correctional officials concluded that Legrand's discharge of a short second burst of pepper spray against McFadden and Woods was a spontaneous, justified, and necessary use of force in order to gain control of the situation. *Id.* at 9-10. The damage to the holding cell was recorded in photographs, and includes a picture of a wall clock in the adjacent office which fell to the floor and broke. *Id.* at 20, 24. Neither McFadden nor Woods gave a statement as to the incident. *Id.* at 24-25.

### III. Discussion

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). This Court must

9

look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates, as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

The absence of significant injury alone is not dispositive of a claim of excessive force. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). The extent of injury incurred is one factor indicative of whether the force used was necessary in a particular situation, but if force is applied maliciously and sadistically liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id*. at 38.

The uncontroverted evidence demonstrates that Legrand's use of force was necessary and was tempered to achieve a proper result, namely, to curtail property damage and to thwart McFadden's possible escape from his holding cell. As noted above, in his opposition, McFadden alleges for the first time that he was cursed and threatened by Legrand several hours prior to the incident that resulted in the use of pepper spray. Verbal abuse, without more, does not constitute a claim of assault. *See Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979); *see also Carter v. Morris*, 164 F.3d 215, 219, n.3 (4th Cir. 1999) (rejecting use of racial epithets as a basis for constitutional claim). The threat alleged in this case is not condoned by this Court, but it falls short of acts forbidden by the Fourth, the Fourteenth, or the Eighth Amendments. *See Pink v. Lester*, 52 F.3d 73, 75 (1995) ("[N]ot all undesirable behavior by state actors is unconstitutional.").[7]

---

[7] In light of the disposition, the Court declines to examine whether Legrand is entitled to qualified immunity.

## IV. Conclusion

Defendant is entitled to summary judgment in this case. A separate Order shall be entered in accordance with this Memorandum Opinion.

Date: November 8, 2018

/s/
Ellen L. Hollander
United States District Judge